Patrick J. Fogarty, J.
Proceeding by petitioner as stepfather of child No. 1 and father of children Nos. 2 & 3 named in the petition against respondent mother of the three children, alleging neglect.
After hearing all the evidence, and examining the children, and reading the psychiatric reports of examinations of both petitioner and respondent, and observing the demeanor of the *175 parties and witnesses who have appeared before me in this proceeding, I find, pursuant to the jurisdictional powers granted in clause (d) of subdivision 1 of section 61 of the New York City Domestic Relations Court Act that the children are neglected children within the definition contained in clauses (a) and (i) of subdivision 17 of section 2 of the Domestic Relations Court Act.
It is my decision at the present time not to disturb the custody situation as it exists, but pursuant to subdivision (b) of section 83 of the Domestic Relations Court Act the children are subject henceforth to the supervision of the probation officer and to further orders of the court, subject to any determination of custody the Supreme Court may make in proceedings between petitioner and respondent pending before it.
From September, 1954 when the respondent commenced working, the children have been left alone, unsupervised, from time to time. This was particularly true for the period following May, 1955 when the maternal grandmother returned to Argentina. Both petitioner and respondent were working and absent from the home, he all day to 8:00 or 9:00 p.m. at night, and she from 1:00 to 11:00 p.m. at least. For a disputed period approximating two months, a couple apparently cared for the children. Then again they were left alone. In November, 1955 respondent left the home, taking the three children with her. The children were moved about for a month and then on December 22,1955 respondent regained possession of the home and petitioner left.
The record contains evidence of female homosexuality between friends of respondent with whom she became acquainted at work. One of these friends moved into the home with respondent and the children in December, 1955; respondent states she was there in the capacity of a “ boarder ’ ’, and that she contributed $12.50 per week rent and thereafter on her own initiative raised her own rent to $15 per week which she paid to respondent.
The maternal grandmother has again reappeared on the scene to care for the children in the mother’s absence to work. The questionable, if not unwholesome influence in the home has been removed at the court’s request, temporarily at least.
It is for these reasons that the court leaves the children in the home under the supervision of the court, with a view toward seeing that these three children, ages 14, 10 and 6, who have already been subjected to terrific trauma in witnessing the events leading up to the separation of their parents, are not left alone unsupervised while the mother is at work, and are not subjected to any unwholesome or immoral influence during *176 these tender years of development. (See Matter of “ Dubin ”, 201 Misc. 621; Matter of “ Stanton ”, 204 Misc. 133.)
Pursuant to section 85 of the Domestic Relations Court Act, the children are to be physically examined with particular reference to early stage tuberculosis tests, in view of the fact that they slept in the same room with one of the witnesses who has a history of present tubercular illness.
It is further ordered that the children be psychiatrically examined, just as the parents have already been, to determine whether, at the present time, there appears to be any unwholesome influence upon them which would warrant any change in status.
Notice shall be given to counsel for the respective parties.